IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JEREMY JOYNER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITICORP TRUST BANK, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DISMISSING PLAINTIFFS' CASE**<br><br>Case No. 2:12-cv-00298<br><br>Judge Clark Waddoups |

## I. INTRODUCTION

This matter is before this court on the Order to Show Cause issued on January 27, 2014. (Dkt. No. 47.) Due to Plaintiffs failure to respond, together with the reasons set forth below, Plaintiffs' case is DISMISSED.

## II. BACKGROUND

Plaintiffs Jeremy and Tara Joyner filed a Complaint in this case on March 29, 2012. (Dkt. No. 2.) Defendants Citicorp Trust Bank, FSB and Citimortgage, Inc. responded by filing a motion to dismiss. (Dkt. No. 19.) A hearing on that motion was held on December 6, 2012, at which time the court took the matter under submission. (Dkt. No. 36.) Before a ruling had been issued, attorney for the plaintiffs Abraham C. Bates filed a motion to withdraw as counsel that was granted on February 15, 2013. (Dkt. No. 38.) Tyson B. Snow, who was listed as counsel of record, was then ordered to file a notice of appearance. *Id.*

Plaintiffs filed a motion to stay the case on April 11, 2013 to allow them time to obtain new counsel, which the court granted, staying the case through May 28, 2013. (Dkt. No. 40.)

Snow then moved to withdraw as counsel, and when the court granted his motion on July 12, 2013, it ordered plaintiffs or new counsel representing them to file a Notice of Appearance within twenty-one days after the entry of the order. (Dkt. No. 42.) The court order also noted that failure to comply could subject Plaintiffs to sanctions pursuant to Federal Rule of Civil Procedure 16(f)(1), including dismissal or default judgment. *Id.*

Because no appearances had been entered by August 23, 2013, the court ordered Plaintiffs to show cause why the case should not be dismissed for lack of prosecution no later than September 9, 2013. (Dkt. No. 43.) The court further noted that failure to comply would result in dismissal of the case. *Id.* Plaintiffs responded with a further motion to stay the case through November "so that new counsel retained by the Joyners can be brought up to date in a timely manner to proceed forward in this case." (Dkt. No. 45.) The court granted the motion, staying the case through November 1, 2013 to give plaintiffs time to secure new counsel. (Dkt. No. 46.) In its order, the court also noted that further extensions would be unlikely. (*Id.*)

Since plaintiffs still had not entered an appearance by the time the second stay expired, the court issued another order to show cause on January 27, 2014, directing plaintiffs to respond in writing within fourteen days from the date of the order and inform the court of the status of the case and intentions to proceed. (Dkt. No. 47.) The court again noted that failure to respond would result in dismissal of the case. *Id.* Plaintiffs did not file a timely response—or any response—with the court.

### III. ANALYSIS

"Pursuant to FED. R. CIV. P. 16(f), when a party does not comply with a pretrial order, the Court may impose sanctions up to and including default judgment." *McNeill v. Geostar Corp.*, No. 2:06-CV-911 TS, 2012 U.S. Dist. LEXIS 154194, *3 (D. Utah Oct. 25, 2012). "When

determining the proper sanction, the Court is to consider a number of factors, including: (1) the degree of actual prejudice to [defendants;] . . . (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

Plaintiffs' first motion to stay the case in order to allow them to procure new representation was granted in May 2013. Not only did they fail to enter an appearance by the time the stay expired, they only requested an additional stay when the court issued an order to show cause as to why this case should not be dismissed. And although an additional stay was granted in September 2013, six months have elapsed and Plaintiffs still have not filed a Notice of Appearance or replied to the court's second Order to Show Cause. Plaintiffs' failure to comply with local rules requiring the entry of an appearance[1] and to prosecute this action constitutes interference with the judicial process. Plaintiffs' failure to comply with the court's Orders has been within their own control. Such conduct has also resulted in unreasonable delay and prejudice to defendants by preventing this case from moving forward.

Plaintiffs have been repeatedly warned that noncompliance would result in dismissal of their claims. Plaintiffs' failure to enter an appearance, the extent of their delays in responding to this court, and their noncompliance with the court's Order to Show Cause persuade the court that sanctions other than dismissal would not be effective.

---

[1] "Upon entry of an order granting a motion to withdraw, the action shall be stayed until twenty-one (21) days after entry of the order . . . . Within twenty-one (21) days after entry of the order, or within the time otherwise required by the court, . . . any individual whose attorney has withdrawn shall file a notice of pro se appearance or new counsel shall file an appearance on that party's behalf." DUCivR 83-1.4(c)(1), (3)(i).

## IV. CONCLUSION

For the foregoing reasons, the court DISMISSES Plaintiffs' Complaint in its entirety. The Clerk of the Court is directed to close this case.

SO ORDERED this 24th day of March, 2014.

BY THE COURT:

Clark Waddoups
United States District Court Judge